UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                              )<br>         Plaintiff,                  )<br>                                              )<br>     v.                                    )<br>                                              )<br>                                              )<br> JAVIER BRAMBILA,           )<br>                                              )<br>         Defendant.              )<br>_____) | CASE NO.   05-571M<br><br>DETENTION ORDER |

Offense charged:

    Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(A)(ii), and 846.

Date of Detention Hearing: December 6, 2005

    The Court conducted both a detention hearing pursuant to Title 18 U.S.C. § 3142(f), and a preliminary Rule 5(c)(3) inquiry.  The defendant waived his rights to a full Rule 5(c)(3)(D) hearing and the Court signed an order of transfer to the originating district court of the District of Ohio to answer the charges.

    The detention hearing was contested.  However, based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the

DETENTION ORDER
PAGE -1-

appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Susan Loitz.  The defendant was represented by Nancy Tenney.  The Government moved for detention based on the rebuttable presumption.  Defense counsel argued for  release  with the conditions recommended by Pretrial services, excepting only to the posting of a $15,000 cash bond.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1) There is probable cause to believe the defendant committed the  drug offense.  The maximum penalty is 10 years to life.  There is therefore a rebuttable presumption against the  defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) The defendant was recorded on the wiretap purchasing "kilos" of cocaine.  The evidence taken by the wiretap demonstrates that the weight of the Government's evidence against this defendant is strong. Defendant was also positively identified by co-defendants who have proffered and are cooperating with the government as being involved in the conspiracy.

(3) The DEA reported that the defendant fled to from Ohio to Seattle upon learning of the charges.

(4) Defendant's ties to the community is strong but not enough to overcome presumption.

(5) Based upon the foregoing information, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility

1 | separate, to the extent practicable, from persons awaiting or serving
2 | sentences or being held in custody pending appeal;
3 | (2) The defendant shall be afforded reasonable opportunity for private
4 | consultation with counsel;
5 | (3) On order of a court of the United States or on request of an attorney for
6 | the Government, the person in charge of the corrections facility in which
7 | the defendant is confined shall deliver the defendant to a United States
8 | Marshal for the purpose of an appearance in connection with a court
9 | proceeding; and
10 | (4) The clerk shall direct copies of this order to counsel for the United
11 | States, to counsel for the defendant, to the United States Marshal, and to
12 | the United States Pretrial Services Officer.
13 | DATED this 9th day of December, 2005.

MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-